IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE CO., a domestic insurance company,<br><br>Plaintiff,<br><br>vs.<br><br>WALSH CONSTRUCTION CO., an Illinois corporation; PPL MONTANA, LLC, a Montana limited liability company,<br><br>Defendants. | CV 14-64-BLG-CSO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND ANSWERS TO DEFENDANTS' COUNTERCLAIMS** |

Continental Western Insurance Co. ("CWIC") filed a motion for leave to amend its Complaint and Answer to Defendants' Counterclaims. Walsh Construction does not oppose the motion. PPL Montana, LLC ("PPLM") responded that "PPLM consents to withdrawal of CWIC's motion to amend." *ECF 30 at 2.*

On August 28, 2014, the Court issued a Scheduling Order imposing an October 31, 2014 deadline for motions to amend. This order expressly states that this deadline is for filing "Motions to Amend Pleadings," not for filing amendments without leave. *Scheduling Order*

-1-

*(ECF 28) at 2 (emphasis added).*

Citing no authority, PPLM suggests that CWIC is simply "not conversant with the Court's practices." *ECF 30 at 2.* As the Scheduling Order advised, however, these proceedings will be governed by the Local Civil Rules and the Federal Rules of Civil Procedure. *ECF 28 at 2.* Fed.R.Civ.P. 15(a)(2) provides that, absent the parties' stipulation, court leave to amend is required after the 21-day periods described in Rule 15(a)(1) have expired. The scheduling order deadline is significant because it changes the standard of review applied to motions to amend. A California federal district judge recently explained:

> Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control [ ]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir.1992); *see In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).

*McNamee v. Roman Catholic Diocese of Sacramento*, 2013 WL 5739098 (E.D. Cal. Oct. 22, 2013). *See also In re Western States Wholesale*

*Natural Gas Antitrust Litigation,* 715 F.3d 716, 737 (9th Cir. 2013).

Perhaps the confusion arises because some courts intend their scheduling orders to provide a blanket leave to amend prior to the scheduling order deadline. But this Judge's practice is to apply Rule 15(a)(2) to amendments. That Rule requires either "the opposing party's written consent or the court's leave [which] the court should freely give when justice so requires." *Id.* If the scheduling order deadline has expired, the movant must show "good cause" to amend the schedule, pursuant to Rule 16(b)(4).

Accordingly, IT IS ORDERED that CWIC's Motion for Leave to Amend Complaint and Answers to Defendants' Counterclaims (*ECF 29*) is GRANTED. Pursuant to Local Rule 15.1, CWIC must promptly file its amended pleadings.

DATED this 20th day of October, 2014.

/S/ *Carolyn S. Ostby*
U.S. Magistrate Judge